UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
WATEZ LATHAM,                           )
                                        )
                Plaintiff,              )
                                        )
        v.                              )   Civil Action No. 08-1745 (RWR)
                                        )
U.S. DEPARTMENT OF JUSTICE, *et al.*,   )
                                        )
                Defendants.             )
_____ )


## MEMORANDUM OPINION

Defendant Drug Enforcement Administration ("DEA") has moved to dismiss the complaint.[1] Treating the motion as one for summary judgment, the Court will grant the defendant's motion.

### I. BACKGROUND

On or about July 10, 2008, plaintiff submitted a request to the DEA, a component of the United States Department of Justice ("DOJ"), under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552.  Memorandum in Support of Defendants' Motion for Summary Judgment ("DEA Mot."), Declaration of William C. Little, Jr. ("Little Decl.") ¶ 13; *see* First Amd. Compl. ¶ 1.  In relevant part, plaintiff's letter stated:

---

[1] Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") also moved for summary judgment.  However, on April 2, 2009, the Court granted plaintiff's unopposed motion to dismiss the complaint as to the ATF, mooting the ATF's motion.  The only remaining defendant is the DEA.

1

> I am requesting a complete and thorough search of your filing system under your agency's control, of any records you may have that pertain in any form or sort to myself. Furthermore, any other retrieval system that you have access to that list[s] in any form my name or reference to my name, I ask that these documents as well be included in this request, in their entirety, and as fully as possible.

Little Decl., Ex. A (July 10, 2008 FOIA request) at 1. DEA staff acknowledged receipt of plaintiff's letter and assigned the matter a reference number, DEA FOIA Case No. 08-1099. *Id.*, Ex. B (August 1, 2008 letter from K.L. Myrick, Chief, Operations Unit, FOI/Records Management Section). According to plaintiff, as of the filing of this action, he had received no response from the DEA. Amd. Compl. ¶ 3. According to the DEA, staff thereafter sent plaintiff a certified letter to inform him that his request had been denied because it "did not reasonably describe records, . . . was not filed in accordance with agency rules, and . . . did not include a promise to pay or request . . . a waiver of fees." Little Decl. ¶ 17; *see id*. ¶ 21; *see also id.*, Ex. D (mail return receipt).

In this action, plaintiff demands that the DEA produce all requested records, or if records are withheld, that the DEA produce a *Vaughn* Index explaining its reasons why the records are exempt from disclosure. Amd. Compl. at 6 (Conclusion). In addition, plaintiff demands an award of $1,000. *Id.* The DEA moves to dismiss the complaint on the ground that plaintiff failed to exhaust his administrative remedies before filing this action. *See* DEA Mot. at 19-22.

## II.  DISCUSSION

*A.  Summary Judgment Standard*

Because "matters outside the pleadings are presented to and not excluded by the court," Fed. R. Civ. P. 12(d), the Court treats the DEA's motion as one for summary judgment under Fed. R. Civ. P. 56.  *See Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)); LCvR 7(h).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with FOIA.  *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  The Court may award summary judgment solely on the information provided in an agency's affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record [or] by evidence of agency bad faith."[2]  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B. Exhaustion of Administrative Remedies

The FOIA directs an agency to "determine within twenty [working] days . . . after the receipt of [a FOIA] request whether to comply with such request and shall immediately notify" the requester of its determination.  5 U.S.C. § 552(a)(6)(A)(i).  The requester may appeal an adverse determination to the agency head, who shall make his determination and notify the requester within twenty days of receipt of the appeal.  5 U.S.C. § 552(a)(6)(A)(ii).  At DOJ, a dissatisfied requester may appeal an adverse determination denying his request to the Office of Information and Privacy ("OIP").  28 C.F.R. § 16.9(a).  The OIP may affirm, reverse or modify an adverse decision in whole or in part.  *See* 28 C.F.R. § 16.9(b).  Only after the OIP has an opportunity to consider a requester's appeal may the requester seek judicial review.  *See* 5 U.S.C. § 552(a)(4)(B); 28 C.F.R. § 16.9(c) ("If you wish to seek review by a court of any adverse determination, you must first appeal it under this section.").

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA.  *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004)

---

[2]   In support of its summary judgment motion, defendant DEA submits the declarations of William C. Little, Jr.  Mr. Little is an attorney assigned to the DEA's Office of Chief Counsel, Administrative Law Section, whose primary responsibilities pertain to litigation of matters under the FOIA and the Privacy Act in which the DEA is an interested party.  Little Decl. ¶¶ 2-3; *see id.* ¶¶ 6-8.  He "personally conducted a litigation review of the contents of the file [pertaining to plaintiff's FOIA request] and records maintained by the DEA Freedom of Information Operations Unit ("SARO"), the "office responsible for the initial response to, the search for, and the processing and release of information requested under the FOIA . . .." *Id.* ¶ 10.  Accordingly, Mr. Little "ha[s] read and [is] familiar with the complaint, in the above entitled action and obtained the records maintained by SARO that relate to this matter." *Id.* ¶ 12; *see id.* ¶ 20.

(per curiam). Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). It is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration. *Wilbur*, 355 F.3d at 677. "Exhaustion does not occur until the required fees are paid or until an appeal is taken from the refusal to waive fees," *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 66 (D.C. Cir. 1990). Nor does exhaustion occur if the requester fails to submit a proper FOIA request. *See Thomas v. Fed. Commc'ns Comm'n*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) (granting summary judgment in agency's favor "[i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond").

The DEA denied plaintiff's FOIA request "based upon the determination that [it was] not a proper request." Little Decl., Ex. C (November 13, 2008 letter from W.C. Little, Jr., Senior Attorney, Office of Chief Counsel, Administrative Law Section, DEA) at 1. First, according to the DEA, plaintiff did not submit his request with a notarized certificate of identity as required under 28 C.F.R. §§ 16.3 and 16.41. *Id.* Second, DEA staff determined that plaintiff's request did not comply with 5 U.S.C. § 552(a)(3)(A) because it failed to describe the desired records "in enough detail to enable department personnel to locate them with a reasonable amount of effort." *Id.* (quoting 28 C.F.R § 16.3(d)). Third, plaintiffs request neither included an express promise to pay any fees incurred for searching for and copying any responsive records which may be located, nor sought a waiver of such fees. *Id.* at 2.

1. Certification of Identity

A requester seeking records about himself under the FOIA is expected to submit verification of his identity. *See* 28 C.F.R. §§ 16.3(a), 16.41(a). The relevant regulation provides:

> When you make a request for access to records about yourself, you must verify your identity. You must state your full name, current address, and date and place of birth. You must sign your request and your signature must either be notarized or submitted by you under 28 U.S.C. 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization.

28 C.F.R. § 16.41(d). "[N]o specific form is required." *Id.* Under 28 U.S.C. § 1746, the statement, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct," followed by the date of execution and a signature, suffices as an equivalent to a sworn statement. *Id*.

The DEA asserts that DOJ rules require a requester to provide a certificate of identity with an original notarized signature, and that plaintiff failed to provide a proper certification with his request. Little Decl. ¶ 22 & Ex. C (November 13, 2008 letter from W.C. Little, Jr., Senior Attorney, Office of Chief Counsel, Administrative Law Section, DEA) at 1. The regulation on which the DEA relies, 28 C.F.R. § 16.41(d), does not require that a certification of identity be notarized, however. Plaintiff counters that, "immediately before his signature, the phrase 'I hereby certify that the person signed upon this request is the said requester of this information, under penalty of perjury'" appears. Plaintiff's Answer to Defendants' Motion to Dismiss and for Summary Judgment ("Pl.'s Opp'n") at 7. Below his signature, plaintiff also provides his current address, Federal Register, Social Security and United States Marshals Service numbers, a nickname, his marital status, his place of birth, and a criminal case number. *See* Little Decl., Ex. A at 3. Although plaintiff's certification of identity does not comply strictly with 28 C.F.R. §

6

16.41(d) in that it does not include his date of birth, it appears that he complies with all other aspects of such certification.

Plaintiff has complied substantially with the requirement that he certify his identity, and the content of his certification alone is not a sufficient basis on which to outright reject his FOIA request.

### 2. Description of the Records Sought

Under the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "A request reasonably describes records if 'the agency is able to determine precisely what records are being requested.'" *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982)). To this end, a requester "must describe the records [sought] in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, [the] request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record." 28 C.F.R. § 16.3(b). "If known, [the requester] should include any file designations or descriptions for the records [desired]" and, generally, "the more specific [the requester is] about the records or type of records [sought], the more likely the [DOJ] will be able to locate those records." *Id.* If the DOJ component "determines that [a] request does not reasonably describe records, it shall tell [the requester] either what additional information is needed or why [the] request is otherwise insufficient." *Id.*

The DEA explains that the agency "maintains several types of records that include criminal and administrative investigatory records, regulatory records, administrative, program records, financial records and personnel records," Little Decl. ¶ 25, in "approximately 135 records systems, some of which contain personally identifiable information." *Id.* ¶ 26. In addition, the DEA has "22 Field Divisions, over 250 domestic offices, and more than 150 Headquarters activities" where correspondence and investigative records are maintained. *Id.* ¶ 27. Records responsive to plaintiff's FOIA request "could be maintained in any DEA record system in any field or headquarters office." *Id.* Plaintiff's FOIA request does "not specif[y] any particular DEA office [to be] searched, type of record, or author, recipient, or a date of any record that would be responsive," and, further, "does not specify any time period or date when any record may have been created." *Id.*, Ex. C at 2. In order for the DEA to address plaintiff's request, "a vast majority of DEA offices would be tasked to conduct a search of their respective offices for any responsive records pertaining to the subject of [plaintiff's] request," such that agency staff deemed the request "overly broad and over burdensome." *Id.*

Plaintiff represents that "he did not, and still does not, have knowledge of exactly when records pertaining to him were created, who created them, what said records were titled, and who they were directed to." Pl.'s Opp'n at 8. Rather, he "simply state[s] that he was requesting all records pertaining to himself" and "listed several types of documents that he wished to be included in the search." *Id.* He further argues that the agency "shall give [the requester] an opportunity to discuss [the] request so that [the requester] may modify it to meet the requirements of this section." *Id.* (quoting 28 C.F.R. § 16.3(b)).

Although plaintiff correctly notes the DEA's obligation to afford him an opportunity to discuss and to modify his request, *see* 28 C.F.R. § 16.3(b), plaintiff's request for "a complete and thorough search of [the DEA's] filing system . . . [for] of any records . . . that pertain in any form or sort to [plaintiff,]" Little Decl., Ex. A at 1, is overly broad, and to require the DEA to process it would be overly burdensome. *See Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (request for "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs, . . . including, but not limited to, the files of [various government offices] . . . typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described"); *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) ("FOIA requests for *all* documents concerning a requester are too broad."). The DEA demonstrates that plaintiff's failure to identify which record system to search or which office might maintain responsive records would require the agency to conduct searches agency-wide, a process which "would exceed the two (2) hours search afforded a requester [and] plaintiff has not promised to pay." Little Decl. ¶ 28. "An agency need not honor a request that requires 'an unreasonably burdensome search.'" *Am. Fed'n of Gov't Employees, Local 2782 v. United States Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) (citing *Goland v. Central Intelligence Agency*, 607 F.2d 339, 353 (D.C. Cir. 1978)).

Plaintiff's FOIA request does not reasonably describe the records sought and, therefore, is not a proper FOIA request. *See Gillin v. Internal Revenue Serv.*, 980 F.2d 819, 822-23 (1st Cir. 1992) (concluding that a FOIA request for "[c]opies of all documents used as a basis to conclude there was a 'deficiency' in [the requester's] 1985 tax return filed in Andover Service Center that

authorized Jacksonville to request an extension" did not reasonably describe records of the field examination) (per curiam); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27-28 (D.D.C. 2000) (concluding that agency need not search for records where the FOIA request did not "reasonably describe the records sought," was "unreasonably broad and impose[d] an unreasonable burden" on the agency, and where the requester "fail[ed] to state its request with sufficient particularity [and] declined the [agency's] repeated attempts [to] clarify the request"). Because plaintiff has not submitted a proper FOIA request, he has not exhausted his administrative remedies. *See Antonelli v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 04-1180, 2006 WL 141732, at *3 (D.D.C. Jan. 18, 2006) (dismissing a FOIA claim against the U.S. Department of Transportation for failure to exhaust administrative remedies where the plaintiff "refused to identify from a list of more than 100 systems of records the specific systems likely to contain responsive documents to his 'exceeding[ly] broad' request"); *see also Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d at 1259 (dismissing FOIA complaint for failure to state a claim upon which relief can be granted because plaintiff did not exhaust administrative remedies by pursuing proper appeal to Justice Department's Office of Information and Privacy). Accordingly, the Court will grant summary judgment to the DEA on this ground.

### 3. Agreement to Pay Fees

Under 28 C.F.R. § 16.11, an agency may charge fees for time spent searching for responsive records, "even if [agency staff] do not locate any responsive record or if they withhold the record(s) located as entirely exempt from disclosure," 28 C.F.R. § 16.11(c)(1), and may charge duplication fees to all requesters, subject to certain limitations. 28 C.F.R. § 16.11(c)(2). "A component ordinarily shall collect all applicable fees before sending copies of requested

records to a requester." 28 C.F.R. § 16.11(a).  Submission of a FOIA request "shall be considered an agreement by [the requester] to pay all applicable fees charged under § 16.11, up to $25.00, unless [he] seek[s] a waiver of fees." 28 C.F.R. § 16.3(c).  If the DEA estimates or determines that fees would exceed $25.00, it "shall notify the requester of the actual or estimated amount of the fees," and "the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee." 28 C.F.R. § 16.11(e).

The DEA explained that, because plaintiff "failed to reasonably describe the records [he] was seeking, the fee is incalculable." Little Decl., Ex. C at 2.  Plaintiff counters that "[n]o fees could feasibly have been accrued . . . as the DEA made no effort to search for any of the requested records whatsoever, and simply denied [his] request for records on administrative grounds." Pl.'s Opp'n at 10.

This is not a situation where a requester has refused to pay fees assessed by an agency. *See Skrzypek v. United States Dep't of the Treasury*, No.06-1129, 2007 WL 2506440, at *3 (D.D.C. Aug. 31, 2007) (granting judgment in the agency's favor where the requester received notice of assessment of fees exceeding $8,000 and failed to respond to the assessment letter on the ground that the "payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is a condition precedent to judicial review of a FOIA claim").  The absence of plaintiff's affirmative agreement to pay fees, standing alone, is an insubstantial flaw. Submission of the FOIA request itself is considered an agreement to pay up to $25.00 in search and duplication fees, and, if the DEA estimates that fees will exceed $25.00, the applicable regulations authorize the DEA to assess and to collect such fees before processing the request further.

III.  CONCLUSION

Plaintiff failed to exhaust his administrative remedies before filing this action as his request did not describe reasonably the DEA records he seeks.  Since no material facts are in dispute and the DEA is entitled to judgment as a matter of law, the Court will grant summary judgment to the DEA.

An Order accompanies this Memorandum Opinion.

Signed this 30th day of September, 2009.

                                              /s/
                               RICHARD W. ROBERTS
                               United States District Judge